IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IP CLEANING S.p.A. and
FAIP NORTH AMERICA, INC.

                                        ORDER

            Plaintiffs,

                                        08-cv-147-bbc

   v.

ANNOVI REVERBERI, S.p.A,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil case for patent infringement, plaintiffs IP Cleaning S.p.A. and FAIP North America, Inc. allege that defendant Annovi Reverberi, S.p.A. is infringing the single claim of its United States Patent No. 5,494,414 (the '414 patent). On July 14, 2008, Magistrate Judge Stephen L. Crocker entered an order setting out this court's rules for requesting construction of claim terms before summary judgment. It stated:

> Not later than the deadline set forth above, any party may file and serve a motion requesting that the court construe specified terms. The party must submit each of its proposed constructions and all documentary support for its proposals. Additionally, it is the party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity. If the moving party wants a claims construction hearing, then it must request one, specify which terms require a hearing and provide grounds why a hearing actually is necessary for each

1

specified term.

Preliminary Pretrial Conference Order, dkt. #25, at 2.  Now the parties have both requested claim construction, and provided initial and response briefs arguing their respective positions on the construction of certain claim terms.  What they did not do is follow the order, particularly the part requiring them to "persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity."  The closest either party comes to explaining why claim construction is necessary to resolve a disputed issue is defendant's assertion that "construction of these terms is necessary to resolve the issues of noninfringement and invalidity."  Dft. Br., dkt. #34, at 4.

The reason for the order is not to require parties to parrot its language before the court construes claim terms; it is to avoid the devoting judicial resources to the issuance of advisory opinions on the construction of claim terms about which the parties have no concrete dispute.  As much as the parties may hate to show their hands at this early stage, they must do so, if they hope to seek the benefit of claim construction before filing motions for summary judgment.  Because the parties have disregarded the order and failed to demonstrate the basis for requesting construction of the terms they dispute, their motions requesting claim construction will be denied.

Of course, this ruling does not mean they are forever barred from seeking construction of claim terms.  The parties are free to seek construction of claim terms when they file

motions for summary judgment, at which time terms will be construed to the extent necessary to resolve the parties' disputes on issues of infringement and invalidity. What the parties have lost is the benefit of receiving some answers before then.

## ORDER

IT IS ORDERED that Plaintiffs IP Cleaning S.p.A. and FAIP North America, Inc.'s motion for claims construction, dkt. #30, and defendant Annovi Reverberi, S.p.A.'s motion for claims construction, dkt. #32, are DENIED.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3