IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IP CLEANING S.p.A. and
FAIP NORTH AMERICA, INC.

                                                ORDER

                Plaintiffs,

                                                08-cv-147-bbc

    v.

ANNOVI REVERBERI, S.p.A.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered December 4, 2008, I denied the parties' motions requesting claim construction because neither party followed the order requiring them to persuade the court that construction of any of the terms specified is necessary to resolve a disputed issue concerning infringement or invalidity. In particular, I noted that plaintiff offered no explanation for why it was requesting claim construction and defendant offered only a conclusory statement that "construction of these terms is necessary to resolve the issues of noninfringement and invalidity." Now defendant Annovi Reverberi, S.p.A. has filed a motion for reconsideration of that order.

      Defendant makes several arguments in support of its motion for reconsideration,

1

including that (1) it "misunderstood" the court order; (2) in the past, this court has allowed claims construction to parties making statements that are nearly as conclusory as defendant's; (3) its inability to receive early construction of claim terms will hinder its ability to prepare motions for summary judgment efficiently or to engage in settlement discussions; (4) Federal Circuit precedent entitles the parties to claims construction because they have shown a dispute about the scope of claim terms, citing O2 Micro International, Ltd. v. Beyond Innovation Technology Co., Ltd., 521 F.3d 1351, 1362-63 (Fed. Cir. 2008).

Surprisingly, defendant still makes no effort to identify how the proposed claim constructions relate to infringement or invalidity. That will not do. The court order that defendant failed to follow is a fairly new rule; as a result, the court continues to explore the exact standard for "persuading the court" as required under the rule. That said, defendant's conclusory statement does not suffice. At the very least, defendant had to bring to the court's attention how it or the opposing party may use a given claim in the context of a position they hold on the infringement of accused products or the validity of a claim.

As for defendant's suggestion that it is *entitled* to claim construction under O2 Micro, it is wrong. Although the court in O2 Micro held that district courts have a duty to construe terms if "the parties raise an actual dispute regarding the proper scope" of the terms, id. at 1360, it recognized that this duty arises only when claim construction disputes are "fundamental" to issues of infringement or invalidity. Id. at 1362-63. Nothing in O2 Micro

2

suggests that the Court of Appeals for the Federal Circuit now requires district courts to provide advisory opinions at the parties' whim or to aid settlement discussions.

Finally, as I explained in the order denying the parties' motions for claims construction, they will have an opportunity to seek construction of relevant claim terms in the context of their motions for summary judgment. In the unlikely event that neither party believes that any infringement or invalidity claims may be decided at summary judgment (as defendant hypothesizes), the parties may nonetheless move for summary judgment for the purpose of receiving a construction of disputed claim terms, so long as they explain then how claim construction is related to actual disputes of infringement or invalidity.

Because defendant has failed to provide any basis for construing disputed claim terms, its motion for reconsideration will be denied. However, because the standard for proper requests for claim construction is still developing, I will give defendant the benefit of the doubt and allow it one more opportunity to comply with the court's order. However, it must act quickly; any possible construction of claim terms has already been delayed two weeks for parties' failure to follow the original order. Any delay for defendant's failure to make its showing upon this motion for reconsideration must be minimal. (The parties' dispositive motion deadline is looming in March of 2009.) Therefore, defendant may have until December 24, 2008 in which to persuade the court that construction of each specified term is necessary to resolve a disputed issue of infringement or validity.

3

I offer the following comments in an attempt to provide additional guidance on the proper standard for requesting claim construction. For examples of proper requests for construction of claim terms related to disputes regarding infringement, defendant should review the following proper requests made by parties in other cases filed pursuant to the same rules. In the plaintiff's initial claim construction brief in <u>Eppendorf AG v. Bio-Rad Laboratories, Inc.</u>, 07-cv-623-bbc, dkt. #36, at 6, plaintiff identifies a noninfringement argument it anticipates from the other side involving construction of a term containing the word "contact":

> In certain accused products, Bio-Rad places a thin foil on the surface of its heaters to improve heat transfer from the heaters to the body of the device that contains the samples. Although this foil is intended to improve thermal contact, Bio-Rad may paradoxically argue that this foil prevents "contact" between the heat regulating devices and the contact side of the body.

For another example of proper requests for claim construction of terms related to issues of noninfringement, defendant should consider the plaintiff's motion and brief for claim construction in <u>Orbital Technologies Corporation v. PFO Lighting, Inc.</u>, 08-cv-220-bbc, dkt. #23, at 10, in which the plaintiff explains that the terms "housing," "connectable" and "substantially cover" should be construed because the parties disagreed whether the accused products infringe because they "do not have a housing that is *fastened* to the top edge of a marine habitat in such a way that it *hides or conceals* essentially the entire open top of the marine habitat." (Emphasis in original). As for requests for claim constructions related to

4

arguments of invalidity, defendant need not identify or list prior art, but it should at least identify the purported scope of prior art and why construction of a specified term would relate to a given position on anticipation or obviousness of the claim.

ORDER

IT IS ORDERED that defendant Annovi Reverberi, S.p.A.'s motion for reconsideration of the court's order on its motion for a claim construction hearing, dkt. #37, is DENIED. Defendant may have until December 24, 2008 in which to renew its motion for reconsideration and file a supplemental brief describing how it or the opposing party may use each specified claim term in the context of a position it holds on the infringement of accused products or the validity of a claim.

Entered this 17th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge